UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PATRICK GUILLORY,

        Plaintiff,

 v.                   5:21-CV-410
                             (MAD/ATB)

BISHOP NURSING HOME,

        Defendant.

---

PATRICK GUILLORY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983, filed by plaintiff Patrick Guillory. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2).

**I.** **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

II. **Complaint**

Plaintiff alleges that Bishop[1] "is operating a dangerous establishment." (Compl.

---

[1] Plaintiff has sued "Bishop Nursing Home" in Syracuse, New York, more properly referred to as "Bishop Rehabilitation and Nursing Center." The court will refer to the defendant as "Bishop" for the purposes of this Order and Report Recommendation.

at 2). Specifically, he complains that the "call bell in the restroom do[es] not work and patients have to wait an hour" or more for assistance from a nurse. (*Id.*). Plaintiff also alleges that the "electronics" in the patients' rooms do not work. (*Id.*).

Plaintiff states three causes of action concerning Bishop's "neglect" toward patients, "defective" room equipment, and the defendant's "refus[al] to move patients to another room when other patients are being disruptive." (*Id.* at 3). Plaintiff requests that this court "order an FBI investigation into the first, second, and third causes of action." (*Id.* at 4).

### III.  Section 1983

#### A.  Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

### B.   Application

Plaintiff is suing Bishop, a privately owned, for-profit care facility.[2] He alleges no facts suggesting that Bishop is a state actor under any of the aforementioned exceptions, or describing how Bishop's actions are otherwise "fairly attributable to the state." Because plaintiff has failed to plausibly allege that the named defendant acted under color of state law, the complaint fails to state any claims for relief under § 1983. *See DuBois v. Bedford-Flatbush Chiropractic, P.C.*, 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019) (acknowledging that, in the context of § 1983, public functions do not include

---

[2] *See* https://profiles.health.ny.gov/nursing_home/printview/150499 (indicating that Bishop is privately owned and operated by various limited liability companies); *see also* https://health.usnews.com/best-nursing-homes/area/ny/bishop-rehabilitation-nursing-center-335338 (stating that Bishop operates under "for-profit, partnership ownership").

4

operating nursing homes) (citing *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019)); *White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Accordingly, the district court should dismiss plaintiff's complaint against Bishop pursuant to § 1983.

## VI. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

The court is recommending dismissal of this action for lack of subject matter jurisdiction over the § 1983 claim against Bishop.[3] Thus, any dismissal must be

---

[3] Although the court's lack of federal subject matter jurisdiction is the basis upon which I recommend dismissal, it is not the only recognizable defect in the complaint. For example, it is well settled that any allegations by plaintiff challenging Bishop's "negligent" conduct would not be cognizable under § 1983. *Hawthorne v. Nurse Sturgeon*, No. 9:17-CV-438 (LEK/CFH), 2018 WL 4290458, at *4 (N.D.N.Y. Aug. 8, 2018), *report and recommendation adopted sub nom.*, 2018 WL 4288624 (N.D.N.Y. Sept. 7, 2018) ("[N]egligence is not actionable under § 1983.") (citing, *inter alia*,

without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018) ("[D]ismissal for subject matter jurisdiction must be without prejudice."). However, this court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in his complaint. As there appears no basis for plaintiff to raise his claims against Bishop in federal court, the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the court recommends dismissal without leave to amend.[4]

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**

---

*Daniels v. Williams*, 474 U.S. 327 (1986) (concluding that negligence is not a cognizable claim under § 1983)). Moreover, the complaint fails to contain any allegations plausibly suggesting that plaintiff suffered an actual injury as a result of Bishop's alleged conduct, including whether plaintiff was ever even a resident at the facility. *See Elleby v. Martucello,* No. 9:16-CV-1335 (MAD/DEP), 2017 WL 9511177, at *3 (N.D.N.Y. Oct. 20, 2017), *report and recommendation adopted*, 2018 WL 582468 (N.D.N.Y. Jan. 29, 2018) (dismissing § 1983 claim because the court could "discern no prejudice or actual injury suffered by plaintiff as a result of defendant's [alleged conduct]."). Finally, plaintiff's complaint seeks relief which is outside the authority of this court to grant in the context of a § 1983 action. *See Jones v. Waldron*, No. 3:15-CV-00613, 2018 WL 3148369, at *5 (D. Conn. June 27, 2018) ("This Court . . . adjudicates legal disputes and does not initiate criminal investigations or direct prosecutions. The authority to prosecute crimes or investigate possible criminal charges rests solely with . . . prosecutors.") (listing cases); *see also Triplett v. Palmer*, No. 12-CV-4063, 2012 WL 6727617, at *5 (N.D. Iowa Dec. 28, 2012) (holding that a request that the court order a federal investigation is "beyond the power and jurisdiction of this Court, sitting in a 42 U.S.C. § 1983 action"); *Lloyd v. Jordan*, No. 5:08-CT-3119, 2008 WL 6893363, at *3 (E.D.N.C. Oct. 30, 2008) (dismissing as frivolous plaintiff's request that the court order a federal investigation of the defendants).

[4] Plaintiff is a frequent litigant in this court, having filed many federal complaints in the Northern District. It bears noting that the court has recommended dismissal of the last two complaints filed by plaintiff in this district for lack of subject matter jurisdiction. In these cases, as is the case here, plaintiff failed to assert a § 1983 action against a defendant acting "under color of state law." *See Guillory v. Benedict et. al,* No. 5:21-CV-00073 (GLS/ATB) (N.D.N.Y.) (Dkt. Nos. 6, 7); *Guillory v. Bramford*, 5:18-CV-01049 (MAD/ATB) (N.D.N.Y.) (Dkt. No. 6).

6

**FOR PURPOSES OF FILING ONLY**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: April 19, 2021

Andrew T. Baxter
U.S. Magistrate Judge