UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PATRICK GUILLORY,

                              **Plaintiff,**

vs.                                              5:21-CV-410
                                                          (MAD/ATB)

BISHOP NURSING HOME,

                              **Defendant.**
_____

**APPEARANCES:**                              **OF COUNSEL:**

**PATRICK GUILLORY**
753 James Street
Apt. #1129
Syracuse, New York 13203
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      Plaintiff commenced this action on April 12, 2021, submitting a complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). *See* Dkt. Nos. 1, 2. In an Order and Report-Recommendation dated April 19, 2021, Magistrate Judge Baxter conducted an initial review of the complaint and IFP application and found Plaintiff financially eligible for IFP status, granting his motion to proceed IFP therein. *See* Dkt. No. 6. As to the complaint, Magistrate Judge Baxter recommended that this action be dismissed without prejudice, but without opportunity for amendment. *See id.* at 7. Plaintiff did not object to the report.

      Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendant Bishop Nursing Home ("Bishop") for allegedly "operating a dangerous establishment." Dkt. No. 1 at 2. Specifically, he complains that the "call bell in the restroom do[es] not work and patients have to

1

wait an hour" or more for assistance from a nurse. *Id.* at 3. Plaintiff also alleges that the "electronics" in the patients' rooms do not work. *Id.* Plaintiff states three causes of action concerning Bishop's "neglect" toward patients, "defective" room equipment, and Bishop's "refus[al] to move patients to another room when other patients are being disruptive." *Id.* Plaintiff requests that this Court "order an FBI investigation into the first, second, and third causes of action." *Id.* at 4.

After conducting an initial review of the complaint, Magistrate Judge Baxter found that "Plaintiff is suing Bishop, a privately owned, for-profit care facility." Dkt. No. 6 at 4. Because Plaintiff failed to plausibly allege that Bishop acted under color of state law, Magistrate Judge Baxter found that the complaint failed to state any claims for relief under Section 1983. *See id.* at 4. Accordingly, Magistrate Judge Baxter recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject matter jurisdiction. *See id.* at 4-5. Because the problem with Plaintiff's complaint is substantive such that better pleading will not cure it, Magistrate Judge Baxter further recommended that this action be dismissed without leave to amend. *See id.* at 6.

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that - . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from

2

inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report-recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate

3

review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed the April 19, 2021 Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, the Court finds that Magistrate Judge Baxter correctly determined that this action must be dismissed without prejudice for lack of subject matter jurisdiction. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated by a person acting under the color of state law, or a state actor. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not subject to liability under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted). For purposes of Section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, *3 (E.D.N.Y. June 14, 2019) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

In the present case, the named Defendant is a privately owned, for-profit care facility and Plaintiff alleges no facts suggesting that Bishop is a state actor under any of the aforementioned exceptions, or that Bishop's actions are otherwise fairly attributable to the state. *See* Dkt. No. 6 at 4. Because Plaintiff failed to plausibly allege that the named Defendant acted under color of state law, Magistrate Judge Baxter correctly determined that the complaint fails to state any claims for relief under Section 1983. *See DuBois v. Bedford-Flatbush Chiropractic*, P.C., 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019) (acknowledging that, in the context of Section 1983, public functions do not include operating nursing homes) (citing *Manhattan Cmty. Access Corp. v. Halleck*, ___ U.S. ___, 139 S. Ct. 1921, 1926 (2019)); *White v. St. Joseph's Hosp.*, 369 Fed. App'x. 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals, nursing home, and cemetery named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law.").

Moreover, Magistrate Judge Baxter correctly determined that leave to re-plead should be denied. Generally, a *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637, 2012 WL 235523, *8 n.19 (N.D.N.Y. Jan. 25, 2012), dismissal without leave to amend is appropriate in this case.

Finally, the Court acknowledges that Plaintiff has waived any right to challenge the report on appeal by failing to object to the report within fourteen days. *See Cephas v. Nash*, 328 F.3d

98, 107 (2d Cir. 2003).  In accordance with the requirement that *pro se* litigants be given notice of this rule, *see Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), Plaintiff received sufficient notice upon receipt of the report.  See Dkt. No. 6 at 7.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 19, 2021 Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that this action is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 15, 2021
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge